UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PETERSON,

   Plaintiff,             Case No. 1:16-cv-363

v.

                    HON. JANET T. NEFF

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant,
                /

**OPINION**

   This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner). Plaintiff seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

**STANDARD OF REVIEW**

   The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the

facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was forty-three years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.47, 98.) He completed high school and was previously employed as a buffer/sander. (PageID.70, 91.) Plaintiff applied for benefits on April 23, 2013, alleging disability beginning January 1, 2010, due to back and neck pain. (PageID.98, 108, 185–198.) Plaintiff's applications were denied on July 10, 2013, after which time he requested a hearing before an ALJ. (PageID.123–143.) On August 8, 2014, Plaintiff appeared with his counsel before ALJ Michael

Condon for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.65–96.) In a written decision dated August 29, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.47–63.) On January 28, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.32–37.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four.

---

[1] 
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Condon determined that Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (PageID.52.) At step two, the ALJ determined Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine with disc bulging and protrusions, and degenerative disc disease of the cervical spine. (PageID.52.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.53.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: can stand and walk in combination for 4 hours and sit for six hours in an eight-hour workday; frequently balance and climb ramps and stairs; occasionally stoop and crouch; never climb ladders, ropes, or scaffolds; never kneel or crawl; have no exposure to hazards, including unprotected heights and dangerous moving machinery; and requires the option to alternate sitting and standing with sitting for up to 40 minutes then standing for up to 10 minutes before sitting again.

(PageID.53.) Continuing with the fourth step, the ALJ found that Plaintiff was unable to perform any of his past relevant work. (PageID.57.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given his limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform other work as a security monitor (1,400 regional jobs and 18,000 national jobs), order clerk (2,300 regional jobs and 27,000 national jobs), and inspector (2,000 regional jobs and 17,000

national jobs).  (PageID.93.)  Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.58–59.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from January 1, 2010, the alleged disability onset date, through August 29, 2014, the date of decision.  (PageID.59.)

## DISCUSSION

### 1. The Responsibility for Determining RFC is Reserved to the Commissioner.

In his discussion of Plaintiff's RFC, the ALJ observed that "the record does not contain any function-by-function opinion by any medical source, whether acceptable or non-acceptable, or by any other third party."  (PageID.57.)  The ALJ further noted there was a report from a Dr. Timothy Bont which stated that due to his lack of familiarity with Plaintiff, the "unimpressive" MRI findings, and "inconsistent" physical examinations, he was not advocating for disability. (PageID.57.)  Finding that this was not a function-by-function assessment and noting the responsibility for determining disability lies with the Commissioner, the ALJ gave this statement "little weight."  (PageID.57.)  As a consequence, Plaintiff claims the ALJ impermissibly fashioned an RFC based on his own interpretation of the raw medical data, and erred in failing to rely on any medical opinion evidence to determine the RFC.  (PageID.482–483.)  The Court disagrees.

RFC is a medical assessment of what an individual can do in a work setting despite functional limitations and environmental restrictions imposed by all of the individual's medically determinable impairments.  20 C.F.R. §§ 404.1545, 416.945.  It is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(C).

It is patent that an ALJ may not substitute his medical judgment for that of the claimant's physicians. *See Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006) ("the ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence"); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("The Commissioner's determination must be based on testimony and medical evidence in the record. And, as this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"). Plaintiff argues that because the record contains no medical opinion, the ALJ was left to "play doctor" when creating the RFC. (PageID.482.) Plaintiff relies on language from the Eastern District of Michigan in support. Eastern District decisions, however, are not binding on this Court. *See Mich. Elec. Emps. Pension Fund v. Encompass Elec. & Data, Inc.*, 556 F. Supp.2d 746, 761–62 (W.D. Mich. 2008). Moreover, the Court is not persuaded by the authority relied on Plaintiff.

Indeed, Plaintiff's position has been soundly criticized as "not representative of the law established by the legislature, and interpreted by the Sixth Circuit Court of Appeals." *Henderson v. Comm'r of Soc. Sec.*, No. 1:08-cv-2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010) (declining to follow *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp.2d 908 (N.D. Ohio 2008) and citing *Ford v. Comm'r of Soc. Sec.*, 114 F. App'x 194 (6th Cir. 2004); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149 (6th Cir. 2009)). When evaluating the claimant's RFC, the ALJ is not required to base his RFC findings entirely on a physician's opinion. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (quoting SSR 96–5p) ("[T]o require the ALJ to base her RFC finding on a physician's opinion, 'would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an

abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'"). It is the ALJ who has the ultimate responsibility for assessing a claimant's RFC, based on all of the relevant evidence. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("The ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of [their] residual functional capacity.") It not the ALJ's burden to seek out medical opinions to prove or disprove a disability claim. *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015).[2] Rather, it is Plaintiff's obligation to provide evidence to support his claim of disability. 20 C.F.R §§ 404.1512(c), 416.912(c). The medical evidence in this case has not confirmed the presence of a disabling impairment. Accordingly, this claim of error must be rejected.

Plaintiff tacks on an additional argument that the RFC determination is internally inconsistent. He notes that the ability to stand or walk for four hours in a workday could not be met while at the same time sitting up to forty minutes before standing up to ten minutes. (PageID.484.) The Court's notice of June 14, 2016 cautioned that Plaintiff's initial brief must contain a Statement of Errors and that "[f]ailure to identify an issue in the Statement of Errors constitutes a waiver of that issue." (PageID.463.) Plaintiff failed to raise this argument in his Statement of Errors, and accordingly it has been waived. (PageID.471.) Even assuming the issue had not been waived, it is without merit. While the Court could conceive of a situation where the two provisions of the RFC might be incompatible, the VE was squarely presented with the limitations at the hearing, and

---

[2] Although it is within the discretionary power of an ALJ to order a consultative examination, it is not required and may be ordered when "the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim." 20 C.F.R. §§ 404.1519a, 416.919a; *see also Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001). Here there was sufficient testimony and medical evidence for the ALJ to evaluate Plaintiff's RFC. Additionally, the ALJ did not have a special duty to develop the record because Plaintiff was represented by counsel. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir.1986).

nonetheless testified that Plaintiff could perform a significant number of jobs. (PageID.93.) Any error here, accordingly, is harmless. *See Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 679 (6th Cir. 2013).

### 2. The ALJ's Credibility Analysis is Supported By Substantial Evidence.

At the administrative hearing, Plaintiff testified he was impaired to an extent much greater than that found by the ALJ. He testified that he has a "hard time even getting up to do anything." (PageID.71.) If he "did a whole lot of anything" his back would hurt and he'd get headaches. (PageID.75.) He could walk thirty to thirty-five feet. (PageID.81.) When standing, he would use a cane for support. (PageID.81.) In fact, he would use it all the time, even inside his house. (PageID.89–90.) The ALJ found Plaintiff's allegations were not entirely credible. (PageID.57.) Plaintiff claims the ALJ erred in doing so. (PageID.484–486.)

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984); *see also Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. 2002). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, a claimant's assertions of disabling pain and limitation are evaluated under the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

8

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

Accordingly, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Id.* (citing *Walters*, 127 F.3d at 531); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972) ("[i]t [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit has stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

Plaintiff's sole argument here concerns the following statement from the ALJ:

> Further reducing the credibility of his allegations, he was observed by his primary care provider as, ". . . **sitting in chair in exam room with cane, but did not use it to walk to exam table and stepped up without assistance**." (Ex 9F/6) [emphasis in original]. In fact, it is

> noteworthy that the primary care provided used bold test in the original record to bring attention to the statement, and this is not an addition by the undersigned. This clearly indicates that the primary care provider, felt the claimant had absolutely no use for a cane.

(PageID.54.) Plaintiff contends that the use of bolded text signals exactly the opposite, and argues that all findings that were not "normal" were bolded by the physician and that this emphasis mirrors the practice of other institutions of emphasizing abnormal examination results. (PageID.485.) A review of the document demonstrates that Plaintiff's contention is not as clear as he claims. There are numerous findings, for example, that are not normal and were also not emphasized. In a review of systems, for example, "using a cane" was bolded, but positive complaints for fatigue, hearing loss, neck pain, back pain, joint pain, stiffness, and gait were not. (PageID.450.) Under objective findings, on the other hand, the above quoted text was bolded, but so were other clearly normal results, namely that Plaintiff's "[c]alves well muscled, 40 cm at widest part bil[ateral]. No wasting. Skin warm, intact, no rashes, full and symmetric hair growth pattern on lower extremities. Pulses palpable. No pain popliteal spaces." (PageID.450.) At bottom, there does not appear to be any consistency in the use of emphasis by this physician. Given the deferential standard afforded ALJs at this level of review, it is difficult to determine that the ALJ's observation is erroneous, but even assuming Plaintiff's contention is correct, the Court finds no reversible error.

This is because, as the Sixth Circuit has stated, "[a]s long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). Here, regardless of the physician's use of the emphasized text, the substance of the text—that Plaintiff was able to walk to an exam table and step up without assistance—is inconsistent with his testimony that he used a cane at all times, even inside the house. The ALJ also noted other inconsistencies, unaddressed by Plaintiff, such as

discrepancies between Plaintiff's testimony that he could walk only thirty to thirty-five feet, and his later statement that he could go shopping for up to thirty minutes while pushing a shopping cart. (PageID.54.) The ALJ also found relevant Dr. Bont's statement that despite Plaintiff's complaints of right foot weakness, Plaintiff did not drag his foot and there was no muscle atrophy. (PageID.54, 455.) The ALJ also observed Plaintiff admitted to greater activities than one would expect given the severity of his allegations. (PageID.56.) This includes a statement made on July 18, 2012 that he had "been working a lot outside and lying on the ground because of doing auto repair," the ability to stack wood (albeit with some pain) after receiving lumbar injections, and his subjective statement in November 2010 that it was only "minimally difficult" to walk several miles, run two blocks, and sit in a chair for four hours. (PageID.273, 323, 365.) All this provides substantial evidence supporting the ALJ's credibility determination and accordingly this claim of error is rejected.

### 3. An ALJ's Hypothetical to a VE Need Only Include Those Limitations He Finds Credible.

Finally, Plaintiff contends that the sum total of the above alleged errors renders the ALJ's step five determination unsupported by substantial evidence because the hypothetical to the VE was rendered incomplete and unsupported. (PageID.486–487.) This is merely a restatement of the arguments the Court has already rejected, and accordingly this argument likewise must fail. It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 715 (6th Cir. 2013) ("An ALJ is only required to incorporate into a hypothetical question those limitations he finds credible."); *Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 438 (6th Cir. 2010) ("[I]t is [] 'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those

11

limitations accepted as credible by the finder of fact.'") (quoting *Casey*, 987 F.2d at 1235).  The hypothetical question the ALJ posed to the VE was accurate and supported by substantial evidence.  The VE's testimony in response provided substantial evidence supporting the ALJ's step five decision.  This claim is therefore rejected.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is **AFFIRMED.**  A separate Judgment shall issue.


Dated:  January 24, 2017               /s/ Janet T. Neff
                                       JANET T. NEFF
                                       UNITED STATES DISTRICT JUDGE